LEMMON, Judge,
concurs and assigns reasons.
I agree with plaintiff’s argument that the judgment dismissing her demand for the usurious interest she had paid is a final judgment, even if the trial court reversed her right to amend her petition to demand capitalized interest, which is an entirely different demand. C.C.P. art. 934, which requires that a judgment sustaining a peremptory exception shall allow a delay for amendment, if the grounds for objection may be removed by amendment, is thus not applicable in this case, since the grounds for this particular objection cannot be removed by amendment. Here, the “amendment” did not remove the grounds for the original exception, but rather asserted an entirely different demand (which could have been asserted in the original petition or by supplemental petition, regardless of the exception).
The judgment maintaining the exception determined the merits of the demand for usurious interest and is therefore a final judgment, which is appealable. I am therefore inclined to refuse to dismiss the appeal.
However, the judgment clearly should be reversed on the merits of the appeal. When a petition states a cause of action as to any ground or portion of the demand based on a particular set of facts, the exception of no cause of action should be overruled in order to prevent a multiplicity of appeals based on that set of facts. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). Inasmuch as the trial court’s judgment improperly maintained the exception of no cause of action as to part of the petition, the judgment should be reversed and the matter remanded for trial on the merits of all demands in a single proceed *46 ing. Since our judgment substantially accomplishes the same result, I concur in the decree.